UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALFONZO KENYOUNG BETHANY, | ) | CASE NO. 1:08 CV 2310 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CANTON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Alfonzo Kenyoung Bethany filed the above captioned action under 42 U.S.C. § 1983 against the City of Canton and several John Doe police officers. In the complaint, plaintiff alleges Canton police officers used excessive force to secure his arrest. He seeks monetary damages.

### Background

Mr. Bethany states that he was arrested by Canton police officers on February 14, 2006. He claims that while he was handcuffed and kneeling, one of the officers lost control of the police dog, and it attacked him. He alleges that the officers began to hit him, and one put a gun in his mouth. Mr. Bethany states that the officers then lied about the incident, reporting that the dog was in the police car during the arrest. He asserts that the City of Canton failed to train its officers

in its use of excessive force with police dogs. He further claims the officers violated his Fourth, Sixth, and Fourteenth Amendment rights.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

It is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Bethany filed this action. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place on February 14, 2006. This action was filed on September 29, 2008, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2009

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.